## HARRIET N. WOODBURN

*v.*

## WILLIAM GANNON et ux. et al.

A mortgage on two lots of land contained a stipulation that the mortgagee ·would release the first lot from the mortgage, on the payment of $300 on ac- ·count of the mortgage, at any time before its maturity. Five months before the mortgage became due, the mortgagee credited $1,100 on the mortgage, representing interest due thereon and moneys paid by the mortgagor, on be- half of the mortgagee, on transactions having no connection with the mortgage whatever. On foreclosure—*Held,* that the mortgagor could not claim the benefit of the stipulation so as to withdraw the first lot from the lien of the mortgage.

Bill to foreclose. On final hearing on pleadings and proofs.

*Messrs. Shafer & Durand,* for complainant.

*Mr. T. F. McCormick,* for Gannon, mortgagor.

THE CHANCELLOR.

The mortgage in suit contains an agreement that the mort- gagee will release the lot first described in the mortgage (the mortgage is on two lots of land) at any time before the maturity of the mortgage, on the payment of $300 to her on account of

the mortgage. The mortgage is dated November 1st, 1873, and became due November 1st, 1878. On the 1st of June, 1878, the mortgagee receipted for $1,127, as having been paid on the mortgage. The mortgagor, by his answer, insists that by virtue of that receipt he was, under the agreement above mentioned, entitled to a release of the lot first described in the mortgage from the lien and encumbrance of the mortgage, and that, no release having been given to him, he is now entitled to the benefit of the agreement. The amount thus credited appears not to have been a payment of any money on account of the mortgage, except it may have been some interest, but was, with perhaps that exception, a voluntary reduction of the mortgage which the mortgagee, at or about the date of the receipt, made on the promise of the mortgagor to pay certain moneys which he was liable to pay in business transactions having no reference to the mortgage. They were taxes and rent due from him on property leased by her to him, and money which her husband had been, or might be, compelled to pay as surety for him, and for which a judgment had been recovered against both of them. The mortgagor himself testifies that the receipt was not given for money paid on the mortgage, except some interest. It is obvious that the voluntary reduction of the amount of the mortgage was in no sense a payment by the mortgagor. The defence set up by the answer is not sustained. There will be a decree for the complainant accordingly.